IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAN OCEAN CO. LTD, § <br> § <br> Plaintiff, § C.A. NO. _____ <br> § <br> § Filed Under Rule 9(h) <br> vs. § Fed. R. Civ. P. <br> § (Admiralty) <br> CLEARLAKE SHIPPING PTE LTD., § <br> § <br> Defendant. § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff Pan Ocean Co. Ltd., by its attorneys Blank Rome LLP, complaining of the above-named Defendant Clearlake Shipping Pte Ltd., files this Verified Original Complaint and alleges upon information and belief as follows:

### JURISDICTION AND PARTIES

1.      This is a case within this Court's maritime and admiralty subject matter jurisdiction pursuant to 28 USC § 1333 as hereinafter more fully appears, and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has jurisdiction to authorize the maritime attachment of certain funds currently held by garnishee Valero Energy Corporation ("Valero"), within the Western District of Texas, as described in greater detail below.

2.      Pan Ocean Co. Ltd. ("Pan Ocean" or "Plaintiff") is a corporation organized and existing under the laws of the Republic of South Korea, having its principal place of business in Seoul, South Korea.  Pan Ocean is in the business of owning, chartering and operating ocean going vessels.

3.      Clearlake Shipping Pte Ltd. ("Clearlake Shipping" or at times "Defendant") is a business entity organized and existing under the laws of Singapore, having its principal place of

1

business in Singapore.  Clearlake Shipping is in the business of chartering vessels.

4. Defendant is a foreign entity that is not present within the district as that term is understood under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").  *See* accompanying Declaration of Jay T. Huffman, attached hereto as ***Exhibit A***.  Defendant is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, has not registered to do business with the Texas Secretary of State, does not maintain a business office or address in Texas, and has not designated or maintained a resident agent for service of process in Texas.  Substituted service of process can be had over Defendant by serving the Secretary of State of Texas with duplicate copies of process.  Process or notice can be sent to Clearlake Shipping Pte Ltd, 12 Marina Boulevard, #35-02 Marina Financial Tower 3, Singapore 018982.

## BASIC FACTS

5. At all relevant times Pan Ocean was the owner (bare boat charterer) of the ocean going vessel M/V GRAND ACE 12.

6. On or about April 13, 2016 Pan Ocean, as owner, chartered the M/V GRAND ACE 12 to Clearlake Shipping for one voyage to carry cargos of clean petroleum cargos to be loaded and discharged in a specified geographic range (the "Charter").  A true and correct copy of the Charter is annexed hereto as ***Exhibit B***.

7. Clause 30.3 of the Charter provided in relevant part:

> If a Bill of lading is not available at any discharge port to which the Vessel may be ordered by Charterers under this Charter or if Charterers require Owners to deliver cargo to a party and/or at a port other than as set out in the Bills of Lading, then Owners shall nevertheless discharge such cargo in compliance with Charterers' instructions, upon presentation by the consignee nominated by Charterers ("the Receiver") of reasonable identification to the Master and in consideration of Charterers undertaking:

>30.3.1 to indemnify Owners (which term shall, for the purpose of this Clause, include Owners' servants and agents) and to hold Owners harmless in respect of any liability, loss, damage, cost or expense of whatsoever nature which Owners may sustain by reason of delivering the cargo to the receiver in accordance with Charterers' instructions;
>
>30.3.2 to provide Owners on demand, in the event of any proceedings being commenced against Owners in connection with the delivery of the cargo as aforesaid, from time to time, with sufficient funds to defend the same;
>
>30.3.3 to provide Owners on demand with such bail or other security as may be required if, in connection with the delivery of the cargo as aforesaid, the Vessel, or any other vessel or property belonging to Owners, should be arrested or detained or, if the arrest or detention thereof should be threatened, in order to prevent such arrest or detention, or to secure the release of such Vessel or property and to indemnify Owners in respect of any loss, damage, cost or expense caused by such arrest or detention whether or not the same be justified . . .

8. During performance of the Charter, Clearlake Shipping requested that Pan Ocean make certain modifications to the loading and discharge orders relating to blending of the cargoes on board and issuance of bills of lading.

9. Pan Ocean agreed to these modifications in consideration of Clearlake Shipping issuing a Letter of Indemnity ("LOI") in favor of Pan Ocean indemnifying and holding Pan Ocean harmless for all consequences for following Clearlake Shipping's instructions.

10. Clearlake Shipping issued the requested LOI. A true and correct copy of the LOI is attached hereto as ***Exhibit C***.

11. The indemnity provisions of the LOI provided in relevant part:

>In consideration of your complying with our above request, we hereby agree as follows:
>
>1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of the

3

loading of the cargoes as aforesaid in accordance with our above request even if such liability, loss, damage and/or expense is caused and/or incurred solely by act or negligence of you, your servants and/or agent.

2.   In the event of any proceedings being commenced against you or any of your servants or agents in connection with the loading of the cargoes as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

3.   If, in connection with the loading of the cargoes as aforesaid, the ship, of any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

12.   The LOI provides that it shall be governed and construed in accordance with English law.

13.   Prior to the GRAND ACE 12's arrival at the discharge port, Clearlake Shipping requested pursuant to clause 30 of the Charter that Pan Ocean discharge the cargo without presentation of the original bills of lading. Pan Ocean complied with this request.

14.   On March 1, 2018 the GRAND ACE 12 was arrested in Singapore by entities claiming they were the receivers of the aforementioned cargo (the "Singapore plaintiffs") and who are alleging that Pan Ocean is liable to them for negligent/fraudulent misstatements and/or breach of duty in connection with the bills of lading.

15.   Pan Ocean has denied any wrongful activity on its part, but nonetheless to secure the release of the GRAND ACE 12 it was required to provide security for the Singapore plaintiffs claim in the amount of $5,652,052.71 USD.

16. Pan Ocean denies any knowledge of any fraud, and has repeatedly demanded under clause 30 of the charter party and the LOI that Clearlake Shipping provide counter security, defend the action in Singapore, and indemnify Pan Ocean for all consequences of following Clearlake Shipping's instructions, as provided in clause 30 of the Charter and the LOI.

17. To date Clearlake Shipping has refused to honor its obligations under the Charter and the LOI, and is in breach thereof.

## CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

18. Pan Ocean repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 in its Verified Original Complaint herein as if set forth in full.

19. Pan Ocean and Clearlake Shipping had agreements for valuable consideration pursuant to which Clearlake Shipping undertook to indemnify Pan Ocean for complying with Clearlake Shipping's instructions to deliver cargo without presentation of original bills of lading and to modify the loading and discharging order relating to blending of cargo and issuance of bills of lading.

20. Pan Ocean has duly performed all the terms and conditions of the agreements on its part.

21. In breach of the express obligations in the Charter and the LOI, Clearlake Shipping has failed to provide security for the Singapore claims, defend the action in Singapore, and indemnify Pan Ocean for all consequences of following Clearlake Shipping's instructions.

22. Under English law, based on the foregoing, Pan Ocean has a *prima facie* breach of contract claim against Clearlake Shipping.

23. Pan Ocean has demanded that Clearlake Shipping fulfill its obligations under the Charter and LOI, but Clearlake Shipping has failed and refused and continues to fail and refuse to do so.

24. As a result of Clearlake Shipping's breach, Pan Ocean was forced to provide security for the Singapore plaintiffs claim in the amount of $5,652,052.71 USD in order to obtain the release of the GRAND ACE 12 from arrest.

25. By reason of Clearlake Shipping's breach of the Charter and the LOI, in failing to provide security for the Singapore entities' claims, defend the action in Singapore, and indemnify Pan Ocean for all consequences of following Clearlake Shipping's instructions, Pan Ocean has sustained damages in the principal sum of $5,652,052.71 USD.

26. Pan Ocean under Singapore law is entitled to pre-judgment interest on this principal amount at the rate of 5.33% per annum, and is further entitled under Singapore law to an award of its costs and attorneys' fees should it prevail in the litigation by the Singapore plaintiffs, which as best as can presently be estimated would be approximately $100,000 USD.

## COUNT II

**RECOVERY OF SINGAPOREAN HIGH COURT COSTS, FEES AND INTEREST**

27. Pan Ocean repeats and re-alleges each and every allegation contained in paragraphs 1-26 in its Verified Original Complaint herein as if set forth in full.

28. Attachment to secure claims that are subject to foreign judicial proceedings is commonplace and available even after the litigation has been commenced.

29. In connection with this dispute, Pan Ocean has commenced proceedings in the High Court of Singapore against Clearlake Shipping which does not preclude its right to a Rule B attachment to obtain security for its potential award.

30. The Singapore proceedings against Clearlake are expected to take up to three years to resolve. As best as can be estimated, the costs in such a case are expected to be $500,000 USD over 3 years. Interest is calculated in Singapore proceedings at the default statutory rate of 5.33% per annum. Pan Ocean is entitled to the costs/fees incurred by it in the Singapore proceedings against Clearlake.

## COUNT III

## RULE B RELIEF

31. Pan Ocean repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 in its Verified Original Complaint herein as if set forth in full.

32. As best as can now be estimated, Pan Ocean's total claim, including interest, costs and attorneys' fees, is $7,251,755.93 USD. This amount is broken down as follows:

| CLAIM | AMOUNT |
|---|---|
| Security Posting | $5,652,052.71 |
| Singaporean High Court Costs | $500,000.00 |
| Singaporean Defense Costs and Fees | $100,000.00 |
| Singaporean Interest at 5.33% per annum on the above for 3 years | $999,703.22 |
| TOTAL | $7,251,755.93 |

Pan Ocean therefore seeks issue of process of maritime attachment in the amount of $7,251,755.93 USD to obtain security for its claim, including interest, costs and attorneys' fees.

33. As of the date of filing of this matter Pan Ocean has secured only a portion of its claim in the amount of $1,187,898.87.[1] No other security for Pan Ocean's claims has been posted

---

[1] See *Pan Ocean Co. Ltd. vs. Clearlake Shipping PTE Ltd.*, U.S.D.C.-S.D.T.X. C.A. No. 4:18-cv-1378, order of attachment at Dkt. 14, case pending.

to date by Defendant or anyone acting on its behalf.

34. Defendant Clearlake Shipping cannot be found within this district within the meaning of Rule B. *See* accompanying Declaration of Jay T. Huffman, **Exhibit A**.

### A. M/T HAFNIA LUPUS

35. On information and belief, Clearlake Shipping has entered into a voyage charter with Valero for the transportation of certain cargoes from Louisiana to a foreign locale aboard the vessel HAFNIA LUPUS, which upon information and belief received a cargo in Louisiana and as of July 9, 2018 was proceeding in the Gulf of Mexico to a foreign discharge port with anticipated arrival of July 22-25, 2018. In connection with this arrangement, Valero, which is located within the Western District of Texas at One Valero Way, San Antonio, Texas 78249, has or will have in this District during the pendency of this action, assets which are owed to Clearlake Shipping in the form of freight, property, effects, cash, funds, hire, credits and/or debts owed to Clearlake Shipping.

### B. M/T ATLANTIC JOURNEY

36. On information and belief, Clearlake Shipping has entered into a voyage charter with Valero for the transportation of certain cargoes from Louisiana to a foreign locale aboard the vessel ATLANTIC JOURNEY, which upon information and belief received a cargo in Louisiana and as of July 18, 2018 was proceeding in the Gulf of Mexico to a foreign discharge port with anticipated arrival of July 21-24, 2018. In connection with this arrangement, Valero, which is located within the Western District of Texas at One Valero Way, San Antonio, Texas 78249, has or will have in this District during the pendency of this action, assets which are owed to Clearlake Shipping in the form of freight, property, effects, cash, funds, hire, credits and/or debts owed to Clearlake Shipping.

WHEREFORE, Pan Ocean respectfully requests the Court to enter judgment as follows:

A. That process in due form of law issue against Defendant Clearlake Shipping, citing it to appear and answer under oath all and singular the matters alleged in the Verified Original Complaint;

B. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, including but not limited to Valero, which are due and owing to Defendant up to the amount of $7,251,755.93 USD to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Original Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense and save jurisdictional resources, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

D. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

E. That Pan Ocean be awarded all costs and attorneys' fees incurred in connection with this action; and

F. That Pan Ocean may have such other, further and different relief as may be just and proper.

Dated:    Houston, Texas
          July 18, 2018

        Respectfully submitted,

        **BLANK ROME LLP**

        */s/ Jay T. Huffman*
        Jay T. Huffman **[Attorney in Charge]**
        State Bar No. 24059980
        Federal I.D. No. 870092
        717 Texas Avenue, Suite 1400
        Houston, Texas  77002
        Telephone:  (713) 228-6601
        Facsimile:   (713) 228-6605
        Email: jhuffman@blankrome.com
        **ATTORNEYS FOR PAN OCEAN CO. LTD.**

**OF COUNSEL:**
**BLANK ROME LLP**

**Richard V. Singleton II**
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
Telephone:  (212) 885-5000
Facsimile:  (212) 885-5001228-6605
Email: rsingleton@blankrome.com

## CERTIFICATE OF SERVICE

     No parties other than Plaintiff have yet filed appearances in this matter.  However, this confirms that this filing will be served on the garnishees named in Schedule A to the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Service in accordance with Rule B of the Federal Rules of Civil Rules of Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

        */s/ Jay T. Huffman*
        Jay T. Huffman